Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

John A. Yanchunis (*Pro Hac Vice* application to be filed)
jyanchunis@forthepeople.com
Tamra Givens (*Pro Hac Vice* application to be filed)
tgivens@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505; Fax: (813) 223-5402

*Attorneys for Plaintiff,*
LYNORE LEVENHAGEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNORE LEVENHAGEN, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR**: <br> 1. Breach of Contract <br> 2. Violation of Electronic Funds Transfer Act, 15 U.S.C § 1693, *et seq.* |
| v. | 3. Money Had and Received <br> 4. Unjust Enrichment <br> 5. Violation of Cal. Civ. Code § 1750, *et seq.*; |
| PACWEST BANCORP, as successor-in-interest to FIRST CALIFORNIA BANK, | 6. Violation of Cal. Bus. & Prof. Code § 17200, *et seq*. |
| Defendant. | <u>DEMAND FOR JURY TRIAL</u> |

CLASS ACTION COMPLAINT

Plaintiff LYNORE LEVENHAGEN, ("Plaintiff"), individually and on behalf of all other similarly situated, and by and through her undersigned attorneys, brings this Class Action Complaint against Defendant, PACWEST BANCORP, as successor-in-interest to FIRST CALIFORNIA BANK, and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 seeking monetary, declaratory, and injunctive relief for herself and the class he represents consisting of all individuals in the United States who purchased a reloadable prepaid debit card issued by Defendant and who were charged a monthly fee prior to activation of the card.

2.     This class action arises from Defendant's practice of deducting monthly fees from reloadable prepaid debit cards that have never been activated.  Although Defendant represents that a monthly fee commences upon activation of the card, in practice, Defendant begins deducting a monthly fee commencing at the time the card is purchased and loaded, prior to its activation by the purchaser or recipient.  The only purpose for this practice is to deceptively and unlawfully increase the profits that Defendant generates from the sale of the prepaid cards.

## PARTIES

3.     Plaintiff, Lynore Levenhagen, is an individual residing in Longwood, Florida.

4.     Defendant PacWest Bancorp is a bank holding company incorporated in Delaware with its headquarters in Los Angeles, California. PacWest Bancorp is registered with the California Secretary of State to conduct business in the State of California. In 2013, PacWest Bancorp acquired First California Financial Group.  As part of the acquisition, First California Bank, a wholly owned subsidiary of First California Financial Group, merged with and into PacWest's wholly owned banking

CLASS ACTION COMPLAINT

subsidiary, Pacific Western Bank.  As successor-in-interest, PacWest Bancorp is responsible for the debts and liabilities of First California Bank.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

6.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violation of laws of the United States, including the Electronic Funds Transfer Act, 15 U.S.C § 1693, *et seq.*

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that many of the acts and transactions giving rise to this action occurred in this District because Defendant:

   a.     is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District through distribution, marketing and sale of its products in this District;

   b.     maintains its headquarters in this District;

   c.     planned, designed and implemented in and from this District the deceptive practice which lies at the center of the claims of Plaintiff and the Class;

   d.     planned, designed and implemented in and from this District the strategy used in the marketing of the prepaid card;

   e.     does substantial business in this District; and

   f.     is subject to personal jurisdiction in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     Defendant offers for sale to the public a product entitled the Visa® Reloadable Prepaid Debit Card (the "Card").

3

9. Consumers may purchase the Card for $3.00 each. After the purchase, a consumer may load $10 to $500 on the Card which can then be "use[d] anywhere Visa debit cards are accepted." Plaintiff is informed and believes that the Cards are sold at various retail stores throughout the United States. The front of the packaging in which the Card is sold is as follows:



10. Once a Card is purchased and loaded with money, it must be activated prior to use. In order to activate the Card, the consumer must visit the website or call the telephone number printed on an activation sticker affixed to the Card.



4

CLASS ACTION COMPLAINT

11.    The Card is subject to various fees disclosed on the Card's packaging, which are deducted from the balance loaded on the Card by a consumer.  Among these fees is a $2.95 monthly fee, which "commences upon activation" of the Card.  Such fees are disclosed on the back of the Card's packaging as follows:



12.    Despite the fact that Defendant represents to its customers that the monthly fee is to commence only after activation of the card, Defendant deducts the monthly fee from the available balance of the Cards beginning at the time the Card is purchased and loaded, prior to the Card's activation.

CLASS ACTION COMPLAINT

## PLAINTIFF'S FACTUAL ALLEGATIONS

13.     Plaintiff purchased a number of Visa® Reloadable Prepaid Debit Cards issued by Defendant.  She paid $3.00 for each Card she purchased.

14.     At present, Plaintiff has in her possession eleven Visa® Reloadable Prepaid Debit Cards issued by Defendant.  The total amount she loaded onto the Cards at the time of purchase was $1,750.00.  The Cards have never been activated or used.

15.     Despite never having been activated or used, Defendant deducted a monthly fee of $2.95 from each card during each month since purchase.  As a result, Defendant reduced the balance available on the cards from a total of $1,700.00 to $1,230.80.

## CLASS ACTION ALLEGATIONS

16.         As to all Counts of this Complaint, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on her own behalf and on behalf of all individuals in the United States who purchased a reloadable prepaid debit card issued by Defendant and who were charged a monthly fee prior to activation of the card (the "Class").

## NUMEROSITY

17.     The members of the Class are so numerous that joinder of all members is impracticable. The Class is made up of hundreds to thousands of members.  The precise number of Class members can only be ascertained through discovery, which includes Defendant's records.  The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

18.     There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.

CLASS ACTION COMPLAINT

19.     Questions of law and fact common to the Class predominate over questions that may only affect individual members, and include but are not limited to the following:

a.      Whether Defendant breached its agreement to commence the monthly fee upon Plaintiffs' and Class Members' activation of their reloadable prepaid debit cards;

b.      Whether Defendant breached its agreement with Plaintiffs and Class Members by deducting a monthly fee from their reloadable prepaid debit card balance prior to their activation of the card;

c.      Whether Defendant engaged in unauthorized electronic funds transfers as defined by 15 U.S.C § 1693a(12);

d.      Whether Defendant failed to disclose charges for the right to make electronic transfers in violation of 15 U.S.C § 1693c(a)(4);

e.      Whether Defendant's practice of charging monthly fees prior to activation of the cards constitutes a prohibited fee or charge in violation of 15 U.S.C § 1693I-1(b)(1); and

f.      Whether Defendant has been unjustly enriched by retaining funds deducted from reloadable prepaid debit card balances prior to Plaintiff's and Class Members' activation of the Cards.

g.      Whether Defendant violated the CLRA, Cal. Civ. Code § 1750, *et seq.*;

h.      Whether Defendant violated Cal. Civ. Code § 1770(a)(5) by using deceptive representations in connection with goods or services by advertising and representing that monthly service fees for the reloadable prepaid debit Cards would commence upon activation of the Cards, when in fact Defendant deducted monthly fees from the Card balances prior to their activation;

i.      Whether Defendant violated Cal. Civ. Code § 1770(a)(9) by advertising goods or services with intent not to sell them as advertised by advertising

CLASS ACTION COMPLAINT

that monthly fees would commence upon activation of the Cards, and then deducting monthly fees from the Card balances prior to their activation;

j.      Whether Defendant violated Cal. Civ. Code § 1770(a)(14), by deducting monthly fees prior to activation, Defendant did not supply the Cards at the price originally represented;

k.      Whether Defendant's practice of deducting monthly fees from its reloadable prepaid debit Cards prior to their activation is unlawful under California's UCL;

l.      Whether Defendant's practice of deducting monthly fees from its reloadable prepaid debit Cards prior to their activation is unfair under California's UCL;

m.      Whether Defendant's practice of deducting monthly fees from its reloadable prepaid debit Cards prior to their activation is fraudulent under California's UCL; and

n.      Whether Defendant's practice of deducting monthly fees from its reloadable prepaid debit Cards prior to their activation violated California's UCL.

## TYPICALITY

20.    The claims and defenses of Plaintiff as Class representative are typical of the claims and defenses of the Class because Plaintiff and the Class members all purchased reloadable prepaid debit Cards and had monthly fees deducted from their Card balances by Defendant prior to activation of the Cards.

## ADEQUACY OF REPRESENTATION

21.    Plaintiff, as Class representative, will fairly and adequately assert and protect the interests of the Class as:

a.      Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

CLASS ACTION COMPLAINT

b.      Plaintiff has no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

22.    Questions common to the Class predominate over those affecting individual owners.   This case involves Defendant's uniform practice of deducting monthly fees from the balances on its reloadable prepaid debit Cards prior to activation of the Cards.

## SUPERIORITY

23.    A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

a.      The common questions of law and fact set forth above predominate over any questions affecting only individual Class members;

b.      The Class is so numerous as to make joinder impracticable.   The Class, however, is not so numerous as to create manageability problems.   There are no unusual legal or factual issues which would create manageability problems;

c.      Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

d.      The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover; and

e.      A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION

## Breach of Contract

24.     Plaintiff brings this claim on behalf of herself and the Class.

25.     Plaintiff re-alleges Paragraphs 1 to 23 as if fully set forth herein.

26.     Defendant entered into an agreement with Plaintiff and Class members whereby Defendant agreed to commence the monthly fee on reloadable prepaid debit Cards issued by Defendant to Plaintiff and Class members upon activation of the Cards.

27.     Defendants breached the agreement by deducting from Plaintiff's and Class members' card balances a monthly fee prior to activation of the Cards.

28.     As a direct and proximate result of Defendants' foregoing breaches, Plaintiff and Class members have suffered damages.

29.     Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment be entered in her favor, awarding compensatory damages, interest and costs, and such other relief as the Court deems just and proper.

# SECOND CAUSE OF ACTION

## Violation of Electronic Funds Transfer Act, 15 U.S.C § 1693, *et seq.*

30.     Plaintiff brings this claim on behalf of herself and the Class.

31.     Plaintiff re-alleges Paragraphs 1 to 23 as if fully set forth herein.

32.     The Electronic Funds Transfer Act ("EFTA") establishes the rights, liabilities, and responsibilities of participants in an electronic fund transfer system. 15 U.S.C § 1693.

33.     Plaintiff and Class Members are "consumers" as defined by 15 U.S.C § 1693a(5).

34.     The reloadable prepaid debit Cards issued by Defendant are "accounts" as defined by 15 U.S.C § 1693a(2).

35.     The reloadable prepaid debit Cards issued by Defendant qualify as "general-use prepaid cards" as defined by 15 U.S.C § 1693I-1(a)(2)(A).

CLASS ACTION COMPLAINT

36.     By debiting Plaintiff's and Class Member's Cards prior to their activation, Defendant engaged in "unauthorized electronic funds transfers" as defined by 15 U.S.C § 1693a(12).

37.     By representing that the monthly fee would commence upon activation, Defendant failed to disclose charges for the right to make electronic transfers in violation of 15 U.S.C § 1693c(a)(4).

38.     By charging a monthly fee prior to the activation of the Cards as represented by Defendant, Defendant violated 15 U.S.C § 1693I-1(b)(1)'s prohibition on fees or charges in connection with a general-use prepaid Card.

39.     Plaintiff and Class Members are entitled to actual damages, statutory damages, costs and attorneys' fees pursuant to 15 U.S.C § 1693m.

## THIRD CAUSE OF ACTION

### Money Had and Received

40.     Plaintiff brings this claim on behalf of herself and the Class.

41.     Plaintiff re-alleges Paragraphs 1 to 23 as if fully set forth herein

42.     Defendant received money from Plaintiff and the Class that was intended for the benefit of those who would activate the Cards.

43.     The monies belong to Plaintiff and Class Members.

44.     Defendant has not returned the money.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

45.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 to 23 as if fully set forth herein.

46.     Plaintiff asserts this cause of action on behalf of herself and the Class.

47.     Plaintiff and the Class have conferred a benefit upon Defendant by loading their reloadable prepaid debit Cards with funds that Defendant has deducted

CLASS ACTION COMPLAINT

from their card balances and retained.

48.     By its unlawful conduct alleged herein, Defendant has unjustly received and retained a benefit at the expense of Plaintiff and Class Members.

49.     Under principles of equity and good conscience, Defendant should not be permitted to retain money belonging to Plaintiff and the Class that it unjustly received as result of its conduct alleged herein without providing compensation to Plaintiff and Class Members.

50.     Plaintiff and the Class have suffered financial loss as a direct result of Defendant's conduct

51.     Plaintiff and Class Members are entitled to restitution of, disgorgement of, or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendant, and for such other relief that this Court deems proper, as a result of their conduct alleged herein.

## FIFTH CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

52.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 to 23 as if fully set forth herein.

53.     Plaintiff asserts this cause of action on behalf of herself and the Class.

54.     This cause of action is brought pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), because Defendant's actions and conduct herein constitute transaction that have resulted in the sale or lease of goods or services to consumers.

55.     Plaintiff and Class members are consumers as defined by Cal. Civ. Code § 1761(d).

56.     Defendant violated the CLRA in at least the following respects:

a.     Defendant violated section 1770(a)(4) of the CLRA by using deceptive representations in connection with goods or services by advertising and

CLASS ACTION COMPLAINT

representing that monthly service fees for the reloadable prepaid debit Cards would commence upon activation of the Cards, when in fact Defendant deducted monthly fees from the Card balances prior to their activation.

b.    Defendant violated section 1770(a)(9) of the CLRA by advertising goods or services with intent not to sell them as advertised by advertising that monthly fees would commence upon activation of the Cards, and then deducting monthly fees from the Card balances prior to their activation.

c.    Defendant violated section 1770(a)(14) of the CLRA by failing to supply the Cards at the price originally represented through its deduction of monthly fees prior to activation of the Cards; and

d.    in other respects which discovery will uncover.

## SIXTH CAUSE OF ACTION

**Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.**

58.    Plaintiff brings this claim on behalf of herself and the Class.

59.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 to 23 as if fully set forth herein.

60.    California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. (the "UCL"), prohibits any unlawful, fraudulent, or unfair business act or practice and any false or misleading advertising.

61.    Defendant committed unlawful, fraudulent, and unfair business practices, and made a false advertisement, by representing the monthly fee on their reloadable prepaid debit Cards would commence upon activation of the cards, and then deducting such fees from their Card balances prior to activation of the Cards.

62.    Defendant's conduct is unlawful in that Defendant breached uniform contracts and representations with Plaintiff and Class members by deducting monthly fees from their Card balances prior to activation of the Cards.

63.    Defendant's conduct was unfair in that it offends established public policy

CLASS ACTION COMPLAINT

and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members.

64.     Defendant's conduct constitutes a fraudulent business practice in violation of the UCL because it is likely to deceive reasonable consumers.  Plaintiff relied on Defendant's representation that the monthly fee on the reloadable prepaid debit Cards he purchased would commence upon activation of the Cards.

65.     Plaintiff suffered an injury in fact and lost money as a direct result of Defendant's conduct because she purchased the Cards in reliance on Defendant's representation that the monthly fee would commence upon activation of the cards.

66.     Plaintiff, on behalf of herself and Class members, seeks injunctive relief in the form of an order requiring prohibiting Defendants from deducting monthly fees from its reloadable prepaid debit Cards prior to activation of the Cards.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief against Defendant as follows:

a.     Certify a plaintiff Class defined herein;

b.     Appoint Plaintiff as Class Representative;

c.     Appoint Plaintiff's counsel as Lead Class Counsel;

d.     Award Plaintiff and Class members compensatory, actual, and statutory damages as authorized by law;

e.     Award Plaintiff and Class members restitution;

f.     Award Plaintiff and Class members equitable and injunctive relief as authorized by law;

g.     Grant Plaintiff and Class members declaratory relief as authorized by law;

h.     Award Plaintiff costs and attorneys' fees as authorized by law;

i.     Award interest to the Plaintiff and the Class, including prejudgment interest, at the legal rate; and

CLASS ACTION COMPLAINT

1

2        j.        Grant such other or further relief as allowed by law and as the Court deems

3   appropriate.

4

5                        **<u>DEMAND FOR JURY TRIAL</u>**

6        Plaintiff hereby demands a jury trial of his claims to the extent authorized by law.

7

8   Dated:        August 5, 2014        **AHDOOT & WOLFSON, PC**

9
                                        By:    <u>/s/ Robert Ahdoot</u>
10                                             Robert Ahdoot
                                               Tina Wolfson
11                                             1016 Palm Avenue
                                               West Hollywood, California 90069
12                                             Tel: (310) 474-9111; Fax: (310) 474-8585
13

14                                             John A. Yanchunis
                                               (*Pro Hac Vice* application to be filed)
15                                             Tamra Givens
                                               (*Pro Hac Vice* application to be filed)
16                                             **MORGAN & MORGAN COMPLEX**
17                                             **LITIGATION GROUP**
                                               201 North Franklin Street, 7th Floor
18                                             Tampa, Florida 33602
                                               Tel: (813) 223-5505; Fax: (813) 223-5402
19

20
                                               Attorneys for Plaintiff,
21                                             LYNORE LEVENHAGEN

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT